NUMBER 13-08-00639-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


VALDEMAR VASQUEZ, III, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court of Victoria County, Texas. 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 Appellant, Valdemar Vasquez, III, was charged by indictment with aggravated
assault with a deadly weapon, a first-degree felony. See Tex. Penal Code Ann. § 22.02(a),
(b)(1) (Vernon Supp. 2008). Vasquez pleaded "not guilty" to the charge alleged in the
indictment, and the case was tried to a jury. At the conclusion of the trial, the jury found
Vasquez guilty of the offense, sentenced him to ten years' confinement in the Institutional
Division of the Texas Department of Criminal Justice, and imposed a $10,000 fine. See
id. § 12.32 (Vernon 2003) (providing that a first-degree felony conviction is punishable by
confinement "for any term of not more than 99 years or less than 5 years" and "a fine not
to exceed $10,000"). The trial court certified Vasquez's right to appeal, and he now brings
this appeal. We affirm. 

I. Anders Brief


 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Vasquez's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Vasquez's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on Vasquez, and (3) informed
Vasquez of his right to review the record and to file a pro se response within thirty days. (1) 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman,
252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Vasquez
has not filed a pro se response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw


 In accordance with Anders, Vasquez's attorney has asked this Court for permission
to withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Vasquez and to advise him of his right to file a petition for
discretionary review. (2) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 



 

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 20th day of August, 2009. 
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should Vasquez wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.